UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

---

KIM WINROW, on behalf of herself and all others
similarly situated,

        Plaintiff,

v.             Case No. 3:24cv00029

HILL VALLEY HEALTHCARE, LLC, and  COLLECTIVE AND CLASS ACTION
FORK UNION SNF OPERATIONS LLC,   DEMAND FOR JURY TRIAL

        Defendants.

---

## COMPLAINT

---

Plaintiff Kim Winrow, individually and on behalf of all others similarly situated,

respectfully moves for judgment against Defendants Hill Valley Healthcare, LLC ("HVH") and

Fork Union SNF Operations LLC (individually or collectively "Defendants") as follows:

## I. SUMMARY OF ACTION

1. This is an action for unpaid overtime in violation of the Fair Labor Standards Act

of 1938, as amended, 29 U.S.C. § 201, et seq., ("FLSA") and the Virginia Overtime Wage Act,

VA Code § 40.1-29.2 ("VOWA").

2. Plaintiffs brings this action as a collective action under 29 U.S.C. 216(b), Va.

Code §§ 40.1-29(J) and 40.1-29.2, and for the state law claims only, as a class action under

Federal Rule of Civil Procedure 23.

3. Plaintiff contends that Defendants have violated and continue to violate the FLSA

1

and VOWA by having a policy or practice of failing to include non-discretionary bonuses and similar forms of incentive compensation in calculating overtime rates paid to Plaintiff and similarly situated employees for work in excess of 40 hours per week. This resulted and results in Plaintiff and similarly situated employees receiving less overtime wages than they are entitled to receive under the FLSA and VOWA.

4.      Defendants' policies and/or practices comprising the alleged violations are ongoing.

5.      The **FLSA Collective** is made up of all persons who have been employed by Defendant HVH in any non-exempt position, and were paid bonuses and worked more than 40 hours in at least one workweek, within three years prior to this action's filing, or longer if equitable tolling is granted, to the trial of this action (the "Relevant Period").

6.      Plaintiff, on behalf of herself and all similarly situated employees, seeks unpaid overtime wages, liquidated damages, pre- and post-judgment interest, attorneys' fees and costs, and all relief allowed by law arising out of the Defendants' FLSA violations.

7.      The **Virginia Class** is made up of all members of the FLSA Collective who have been employed by Defendant HVH in Virginia at any time during the Relevant Period.

8.      Plaintiff, on behalf of herself and others similarly situated, seeks unpaid overtime wages, liquidated damages, triple damages, pre- and post-judgment interest, attorneys' fees and costs, and all relief allowed by law arising out of the Defendants' VOWA violations.

9.      Plaintiff reserves the right to propose amended class definitions and/or sub-classes in her motions for collective action and/or class action certification, or to add class claims under

Rule 23 of the Federal Rule of Civil Procedure, to the extent discovery warrants such amendments or subclasses.

## II.     JURISDICTION AND VENUE

10.    This Court has jurisdiction over the FLSA claims pursuant to 29 U.S.C. § 216(b) in that the Plaintiff may bring this action in any appropriate United States District Court.

11.    The Court has supplemental jurisdiction over the state law VOWA claims pursuant to 28 U.S.C. § 1367, as these claims are so related to the FLSA claims they form part of the same case or controversy.

12.    Venue is proper for this Court pursuant to 28 U.S.C. § 1391 and Local Rule 2(b) since acts and omissions giving rise to this lawsuit have taken place in this division in the Western District of Virginia. Specifically, Plaintiff worked for Defendants in this division.

13.    Defendants are subject to personal jurisdiction in the Commonwealth of Virginia.

## III.    PARTIES

14.    Plaintiff Winrow is a resident of Virginia who was employed by Defendant HVH as a certified nursing assistant from approximately July 2023 to December 2023 at its Oakhurst location in Fork Union, Virginia, and prior to that for a brief period at its Woodlands/Holly Manor location in Farmville, Virginia. At all times relevant, Plaintiff was an "employee" as defined in the FLSA and VOWA.

15.    Defendant Hill Valley Healthcare, LLC is a Delaware corporation (according to filings with the Delaware Department of State, Division of Corporations) that operates skilled nursing, assisted living, rehabilitation and memory care facilities in approximately six states, including approximately 29 locations in Virginia. *See* https://hillvalleyhc.com/directory/.  Upon

3

information and belief, its principal office is in New York. At all times relevant, this Defendant is and was an "employer" of Plaintiff and all similarly situated individuals as defined by the FLSA and VOWA.

16.     Defendant Fork Union SNF Operations LLC is a Nevada limited liability company (according to filings with the Virginia State Corporation Commission) that Defendant HVH uses (through shared management and ownership) to operate its "Oakhurst Health and Rehabilitation" facility in Fork Union, Virginia. *See* https://hillvalleyhc.com/directory/. According to filings with the Virginia State Corporation Commission, its principal office is 1007 Broadway Fl 2, Woodmere, NY, 11598 – 1260. At all times relevant, this Defendant is and was an "employer" of Plaintiff and all similarly situated individuals as defined by the FLSA and VOWA.

17.     Plaintiff is informed, believes, and thereon alleges that each Defendant's gross annual sales made or business done is $500,000.00 or greater. Each Defendant operates in interstate commerce by, among other things, buying and/or selling goods and transacting business in multiple states, and/or by having employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce in multiple states. Each Defendant's employees, including Plaintiff and similarly situated employees, were engaged in commerce and/or the production of goods for commerce.

## IV.    EMPLOYER / JOINT EMPLOYER ALLEGATIONS

18.     Defendant HVH is the sole employer, or an employer or joint employer of Plaintiff and all members of the FLSA Collective and the Virginia Class, respectively, within the meaning of the FLSA and the VOWA, respectively.

19.    Defendant HVH dictates the compensation policies, including the overtime pay rate policy at issue in this case, that apply to Plaintiff and all members of the FLSA Collective and Virginia Class. These policies are centralized and common to Plaintiff and all members of the FLSA Collective and Virginia Class.

20.    Defendant HVH dictates the employment policies, including the employee handbook, that apply to Plaintiff and all members of the FLSA Collective and Virginia Class. These policies are centralized and common to Plaintiff and all members of the FLSA Collective and Virginia Class.

21.    Upon information and belief, Defendant HVH operates the facilities where Plaintiff and all members of the FLSA Collective and Virginia Class work/worked, in connection with facility-specific subsidiaries ("Facility Subs") that are wholly owned by one or more holding companies. Upon information and belief, these one or more holding companies share common ownership with, and are controlled by, Defendant HVH. Thus, Defendant has a direct and/or indirect ownership interest in each and every Facility Sub. Defendant Fork Union SNF Operations LLC is the Facility Sub for HVH's Oakhurst location, where Plaintiff worked. Holly Manor SNF Operations LLC is the Facility Sub for HVH's Holly Manor location, where Plaintiff worked.

22.    Formally or as a matter of practice, Defendant HVH and the respective Facility Subs jointly determine, share, or allocate the ability to direct, control, or supervise the FLSA Collective and Virginia Class, whether by direct or indirect means. For example, Defendant HVH dictates the employment and compensation policies and centralizes ultimate supervision and control and centralized human resources over the workers at each Facility Sub; while

individuals on site at the Facility Subs may exercise day-to-day on-site supervision over workers.

23.     Formally or as a matter of practice, Defendant HVH and the respective Facility Subs jointly determine, share, or allocate the power to, directly or indirectly, hire or fire members of the FLSA Collective and Virginia Class or modify the terms or conditions of the workers' employment. For example, Defendant HVH dictates the employment and compensation policies and centralizes ultimate supervision and control and dictates the pay policies (including the pay policies at issue in this case) over the workers at each Facility Sub; while individuals on site at the Facility Subs may exercise day-to-day on-site supervision over workers. Additionally, Defendant HVH is closely involved in the hiring and firing of these workers. For example, when Plaintiff resigned from Defendant HVH at its Holly Manor location, HVH placed her on a "not for rehire" list due to not giving sufficient notice of her resignation. When Plaintiff later reapplied to work for Defendant HVH at its Oakhurst location, HVH human resources had to remove the "not for rehire" designation in order to hire her to work at that location.

24.     Through shared management and/or a direct or indirect ownership interest, Defendant HVH controls each Facility Sub and each Facility Sub is controlled by and under common control by Defendant HVH.

25.     Upon information and belief, the work performed by the FLSA Collective and Virginia Class is performed on a premises owned or controlled by Defendant HVH or its affiliates, independently or in connection with the Facility Subs.

26.     Formally or as a matter of practice, Defendant HVH and the Facility Subs jointly determine, share, or allocate responsibility over functions ordinarily carried out by an employer, such as handling payroll; providing workers' compensation insurance; paying payroll taxes; or

providing the facilities, equipment, tools, or materials necessary to complete the work. For example, upon information and belief, Defendant HVH dictates the pay policies (including the policies at issue in this case), handles payroll on a centralized basis, and directly or indirectly provides the facilities, equipment, tools, or materials necessary to complete the work at each facility.

27.     Defendant HVH and the Facility Subs operate as a single enterprise with a centralized payroll policies and practices, and the same overtime pay rate practice at issue is common to all facilities.

## V.    FACTUAL ALLEGATIONS

28.     Defendant HVH operates skilled nursing, assisted living, rehabilitation and memory care facilities in approximately six states, including approximately 29 locations in Virginia.

29.     Plaintiff worked for Defendant HVH from approximately July 2023 to December 2023 at its Oakhurst location in Fork Union, Virginia, and prior to that for a brief period at its Woodland/Holly Manor location in Farmville, Virginia. Plaintiff's position was certified nursing assistant. The job duties of the certified nursing assistant position entailed providing patient care.

30.     During the Relevant Period, Defendant HVH has had approximately 100 or more non-exempt, hourly-pay healthcare staff (including certified nursing assistants, and similar patient care positions) at its Virginia locations, and more such staff including its other locations. These similarly situated employees had the same basic job duties and were subject to the same pay and timekeeping policies ("Staff").

31.     During the Relevant Period, Defendant HVH paid its Staff on an hourly basis plus

7

non-discretionary, prearranged bonuses and similar forms of incentive compensation. The FLSA and VOWA required these bonuses and similar forms of incentive compensation to be included in calculating overtime rates, but Defendant HVH and its Facility Subs have not complied with that requirement. Affected employees, like the Plaintiff, have the claims at issue in this case.

32.    Plaintiff was paid an hourly wage of approximately $19.50 per hour. Other similarly situated employees were also paid on an hourly basis.

33.    Plaintiff and similarly situated non-exempt employees also received nondiscretionary, prearranged bonuses, such as bonuses for picking up extra shifts.

34.    Plaintiff was regularly scheduled to work, and did work, at least 40 hours per week: typically, 8 or more hours per day, Monday through Friday. Other similarly situated employees were scheduled the same or similarly.

35.    Plaintiff and similarly situated employees regularly worked in excess of 40 hours per workweek in multiple workweeks and were subject to the policies and practices described herein that deprived them of full overtime wages.

36.    At all times relevant, Defendant HVH had a policy and practice of omitting non-discretionary bonuses and similar forms of incentive compensation in calculating the overtime rates paid to Plaintiff and similarly situated employees for their on-the-clock overtime work, in violation of the FLSA and VOWA. As a result of this practice, Plaintiff and similarly situated employees received lower overtime pay rates, and therefore fewer overtime wages than they were entitled to receive.

37.    Plaintiff and similarly situated employees were non-exempt employees who received non-discretionary, predetermined bonuses and similar forms of incentive compensation.

Plaintiff estimates Defendant HVH has had approximately 100 or more employees within the relevant time period. The bonuses were paid pursuant to written bonus agreements and/or offers, typically communicated to Plaintiff and similarly situated employees via text message or phone call or policy in advance. For example, Defendant HVH frequently offered and agreed to pay in writing lump sum shift or supplementary shift bonuses of $50 to $250 to incentivize employees to agree to pick up additional shifts. The amounts were promised in advance. The bonus payments were also offered with enough regularity that employees came to expect the offer of such payments and the promised amounts.

38.     When calculating overtime compensation, Defendant HVH had and continues to have a policy and practice of omitting non-discretionary bonuses and other forms of incentive compensation from the calculation of the overtime rates paid to Plaintiff and similarly situated employees, in violation of the FLSA and VOWA. *See, e.g.* Department of Labor Wage and Hour Division Fact Sheet #54 – The Health Care Industry and Calculating Overtime Pay (2009) (shift bonuses and attendance bonuses must be included in calculating overtime rates).

39.     For example, during the pay period 11/2/2023 to 11/15/2023, Plaintiff received a $50 shift bonus and worked at least 36.37 overtime hours. Defendants paid Plaintiff an overtime rate based only her base hourly rate of $19.50, without including the bonus in calculating the overtime rate.

40.     Other nonexempt employees similarly situated to Plaintiff also received nondiscretionary bonuses and were subject to Defendant HVH's policy and practice of omitting such bonuses and incentive compensation from the calculation of overtime rates.

41.     Defendants knew or should have known that Plaintiff and similarly situated

employees were not being paid overtime rates that included their non-discretionary bonuses because this practice is shown on Defendants' pay records, among other evidence.

42.    Plaintiff and similarly situated employees were not employed in any bona fide executive, administrative, or professional capacity.

43.    Based on the nature of Plaintiff's and similarly situated employees job duties and their hourly pay basis, there is no FLSA or VOWA exemption that applies to preclude them from being paid one and one-half times their regular rate of pay for all hours worked in excess of 40 per week.

44.    Defendants willfully violated the FLSA and VOWA by omitting bonuses and similar forms of incentive compensation from the calculation of overtime rates paid to Plaintiff and similarly situated employees.

45.    Defendants knowingly failed to pay full overtime wages required by the VOWA within the meaning of Va. Code § 40.1-29(J) and (K) (2021) and § 40.1-29.2 (2021).[1]

46.    Defendants suffered and/or permitted and/or required Plaintiff and similarly situated employees to work more than 40 hours per week without full overtime compensation of 1.5 times their regular rates.

47.    Defendants knew or should have known that its/their policy and/or practice of not paying Plaintiff and similarly situated employees the required full overtime rates for time worked

---

[1] From July 1, 2021 to June 30, 2022, the VOWA allowed for triple damages for knowing violations through the Virginia Wage Payment Act, Va. Code 40.1-29(J)&(K) (2021) ("VWPA") and Va. Code § 40.1-29.2(F) ("2021 VOWA"). The VOWA and VWPA were subsequently amended, effective July 1, 2022, so that VOWA mirrored the FLSA and triple damages were no longer available for overtime violations. Plaintiff seeks triple damages only for the period the 2021 VOWA was in effect.

10

in excess of 40 hours per week violated the overtime provisions of the FLSA and VOWA.

48.    At all relevant times Defendants intended to deprive Plaintiff and similarly situated employees of the overtime pay they were entitled to under the FLSA and VOWA or acted with reckless disregard for Plaintiff's rights under the VOWA and FLSA.

49.    Defendants compensated, and continue to compensate, those similarly situated to Plaintiff on a uniform compensation basis common to Plaintiff and similarly situated employees.

50.    Defendant HVH's pay operations are centrally managed as a single enterprise, and employees meeting the FLSA Collective and Virginia Class definitions are subject to common payroll practices.

## V.    FLSA COLLECTIVE ACTION ALLEGATIONS

51.    Plaintiff files this statutorily authorized collective action pursuant to 29 U.S.C. § 216(b) as Representative Plaintiff on behalf of herself and the FLSA Collective.

52.    Defendant HVH employs, and has employed, multiple persons who fit the above definition who due to Defendant HVH's policies and practices described herein were deprived of the full required overtime pay for all time they worked in excess of 40 hours each week.

53.    These employees perform, and have performed, work which entitles them to payment of overtime compensation which they have not received.

54.    Within the past three years, Plaintiff and similarly situated employees were subject to a common plan or policy of Defendant HVH to avoid paying full overtime wages by omitting bonuses and similar forms of incentive compensation from the calculation of overtime rates. Defendant HVH's time records and pay records, among other evidence, show this policy and practice with respect to employees who fit the above definition.

55.     Defendants' compensated, and continue to compensate, those similarly situated to Plaintiff on a uniform compensation basis common to Plaintiff and other persons performing similar job functions.

56.     Defendants' pay operations are centrally managed as a single enterprise, and employees meeting the above definition of the FLSA Collective are subject to common payroll practices.

57.     Defendants' policy of not paying the required overtime compensation amounted to a willful or reckless disregard of the employees' rights under the FLSA.

58.     Defendants had no good faith basis to believe that omitting bonuses from calculating overtime rates was somehow allowable under the FLSA.

59.     Plaintiff asserts that Defendants' willful disregard of the overtime wage laws described herein entitles Plaintiff and similarly situated employees to the application of the three (3) year limitations period.

60.     Plaintiff's hourly pay and job duties, and the hourly pay and job duties of those similarly situated to Plaintiff, are not exempt from the coverage of the FLSA.

61.     At all relevant times, Plaintiff and other similarly situated employees have been entitled to the rights, protections, and benefits provided under the FLSA.

62.     Defendant HVH is liable under the FLSA for failing to properly compensate Plaintiff and the FLSA Collective, and as such, notice should be sent to the Collective. There are numerous similarly situated current and former employees of Defendant HVH who have been denied overtime pay in violation of the FLSA who would benefit from the issuance of Court-supervised notice of this lawsuit and the opportunity to join. Those similarly situated employees

are known to HVH and are readily identifiable through HVH's records.

63.    Plaintiff hereby files her Written Consent to Become Party to Collective Action Under 29 U.S.C. § 216 and State Laws. Plaintiff's Written Consent Form is attached as Exhibit 1.

## VI.    VIRGINIA CLASS ACTION ALLEGATIONS

64.    Plaintiff brings this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the Virginia Class.

65.    <u>Numerosity</u>:    Upon information and belief, the Virginia Class is so numerous that joinder of all members is impracticable. Plaintiff is informed and believes, and on that basis alleges, that during the relevant time period, Defendant HVH employed over 100 people who satisfy the definition of the proposed Virginia Class.

66.    <u>Typicality</u>:    Plaintiff's claims are typical of the Virginia Class. The claim is based on Defendant HVH's corporate policy and practice of omitting bonuses and similar forms of incentive compensation from the calculation of overtime rates paid to Plaintiff and similarly situated employees. This is a centralized pay policy and practice determined by Defendant HVH, and applicable to all locations where the Virginia Class worked. Plaintiff and other Virginia Class members were all subject to Defendant HVH's policy and practice of omitting bonuses and similar forms of incentive compensation from the calculation of overtime rates.

67.    <u>Superiority</u>:    A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage litigation where individual plaintiffs lack the financial resources to vigorously prosecute separate lawsuits in federal court against large corporate defendants.

13

68.    <u>Adequacy</u>:    Plaintiff will fairly and adequately protect the interests of the Virginia Class, and has retained counsel experienced in complex wage and hour class and collective action litigation.

69.    <u>Commonality</u>: Common questions of law and fact exist to all members of the Virginia Class and predominate over any questions solely affecting individual members of the Class, including but not limited to:

a.    Whether Defendant HVH's policy and practice of omitting bonuses and similar forms of incentive compensation from the calculation of overtime rates violates the VOWA.

b.    Whether Defendant HVH is/was an "employer" of Plaintiff and the Virginia Class within the meaning of VOWA.

c.    The proper measure of damages sustained by Plaintiff and the Virginia Class.

d.    Whether Defendant HVH's allegedly violative policy and practice was willful and/or knowing within the meaning of Va. Code § 40.1-29(J) and (K).

70.    This case is maintainable as a class action under Fed. R. Civ. P. 23(b)(1) because prosecution of actions by or against individual members of the Virginia Class would result in inconsistent or varying adjudications and create the risk of incompatible standards of conduct for Defendant. Further, adjudication of each individual member's claim as a separate action would be dispositive of the interest of other individuals not party to this action, impeding their ability to protect their interests.

71.    Class certification is also appropriate under Fed. R. Civ. P. 23(b)(3) because

questions of law and fact common to the Virginia Class predominate over any questions only affecting individual members of the Virginia Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendant HVH's common and uniform policies and practices denied the members of the Virginia Class the full overtime wages to which they are entitled under Virginia law. The damages suffered by the individual Virginia Class members are small compared to the expense and burden of individual prosecution of this litigation. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant HVH's practices.

72.    Plaintiff intends to send notice to all members of the Virginia Class to the extent required by Rule 23. The names and addresses of the members of the Rule 23 Class are available from Defendant HVH.

73.    Plaintiff reserves the right to propose amended class definitions and/or sub-classes in her motions for collective action and class action certification.

74.    Defendant HVH employs, and has employed, multiple persons who fit the Virginia Class definition who due to Defendant HVH's policies and practices described herein were deprived of the full required overtime pay for all time they worked in excess of 40 hours each week. These employees perform, and have performed, work which entitles them to payment of overtime compensation which they have not received.

75.    Within the past three years, Plaintiff and similarly situated employees were subject to a common plan or policy of Defendant HVH to avoid paying full overtime wages, by omitting bonuses and similar forms of incentive compensation from the calculation of overtime

rates. Defendant HVH's time records and pay records, among other evidence, show this policy
and practice with respect to employees who fit the above definition.

76.    Defendants' pay operations are centrally managed as a single enterprise, and
employees meeting the above definition are subject to common payroll practices.

77.    Defendants' policy of not paying the required overtime compensation amounted
to a willful or reckless disregard of the employees' rights under the VOWA.

78.    Defendants had no good faith basis to believe that omitting bonuses from
calculating overtime rates was somehow allowable under the VOWA.

79.    Defendants' policy of not paying the required overtime compensation amount to a
knowing failure to pay wages as required by the VOWA.

## VI.    CLAIMS

### COUNT 1: VIOLATIONS OF FAIR LABOR STANDARDS ACT
#### (Overtime Violations – Overtime Rate Claim)
#### (On Behalf of Plaintiff and FLSA Collective)

80.    Plaintiff alleges and incorporates by reference the preceding paragraphs as if fully
set forth herein.

81.    At all times relevant herein, each Defendant has been, and continues to be, an
"employer," and Plaintiff and each similarly situated employees has been, or continues to be, an
"employee" within the meaning of 29 U.S.C. §§ 203(d) and (e).

82.    The FLSA requires that the "regular rate" used to calculate the overtime rate shall
be deemed to include "all remuneration for employment paid to, or on behalf of, the
employee[,]" except for specified excluded types of remuneration that do not apply here. 29
U.S.C. § 207(e). *See* 29 C.F.R. § 778.107 *et seq*.; 29 C.F.R. § 778.208, *et seq*.; Department of

Labor Wage and Hour Division Fact Sheet #54 – The Health Care Industry and Calculating

Overtime Pay (2009) (shift bonuses and attendance bonuses must be included in calculating

overtime rates).

83.    By failing to include non-discretionary bonuses and similar forms of incentive

compensation in calculating overtime rates paid for on-the-clock work, Defendants have

violated, and continue to violate the FLSA. Through this practice, Defendants paid and continue

to pay these employees lower overtime rates, and therefore less overtime wages than it / they are

required to pay under the FLSA.

84.    The foregoing conduct, as alleged, constitutes a willful violation of the FLSA

within the meaning of 29 U.S.C. § 255(a).

85.    Plaintiff seeks damages for herself and all others similarly situated in the amount

of Plaintiff's and each similarly situated employee's unpaid overtime wages, an equal amount as

liquidated damages, interest, all costs and attorneys' fees incurred in investigating and

prosecuting this claim, all other relief available under the FLSA, and all other such legal and

equitable relief as the Court deems just and proper.

### COUNT 2: VIOLATIONS OF VIRGINIA OVERTIME WAGE ACT
#### (Overtime Violations – Overtime Rate Claim)
#### (On Behalf of Plaintiff and Virginia Class)

86.    Plaintiff alleges and incorporates by reference the preceding paragraphs as if fully

set forth herein.

87.    Plaintiff brings this VOWA count as a class action under Federal Rule of Civil

Procedure 23, on behalf of herself and the Virginia Class.

88.    At all times relevant, the VOWA has required employers to include non-

discretionary bonuses and other forms of incentive compensation in calculating overtime rates.

89.     The 2021 VOWA required, "For any hours worked by an employee in excess of 40 hours in any one workweek, an employer shall pay such employee an overtime premium at a rate not less than one and one-half times the employee's regular rate, pursuant to 29 U.S.C. § 207." VA Code § 40.1-29.2(B) (2021).

90.     The 2021 VOWA, like Section 207 of the FLSA, requires that the "regular rate" used to calculate the overtime rate shall be deemed to include "all remuneration for employment paid to, or on behalf of, the employee[,]" except for specified excluded types of remuneration that do not apply here. 29 U.S.C. § 207(e); VA Code § 40.1-29.2(B) (2021). *See* 29 C.F.R. § 778.107 *et seq*.; 29 C.F.R. § 778.208, *et seq*.; Department of Labor Wage and Hour Division Fact Sheet #54 – The Health Care Industry and Calculating Overtime Pay (2009) (shift bonuses and attendance bonuses must be included in calculating overtime rates).

91.     Since the 2022 amendments to VOWA, the VOWA has also mirrored requirements of the FLSA on this issue: "Any employer that violates the overtime pay requirements of the federal Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et seq., as amended, and any regulations, guidance, or rules adopted pursuant to the overtime pay provisions of such federal act or any related governing case law shall be liable to the employee for the applicable remedies, damages, or other relief available under the federal Fair Labor Standards Act in an action brought pursuant to the process in subsection J of § 40.1-29.…" Va. Code § 40.1-29.2.

92.     By failing to include non-discretionary bonuses and all other eligible remuneration in calculating the regular rates and overtime rates paid to Plaintiff and similarly

situated employees, Defendant HVH has violated, and continues to violate the VOWA. Through this practice, Defendants paid and continue to pay these employees lower overtime rates, and therefore less overtime wages than it /they are required to pay under the VOWA.

93.    By failing to compensate Plaintiffs and similarly situated employees with the full overtime wages for their overtime hours worked, Defendant HVH has violated, and continues to violate the VOWA.

94.    Defendants' pay policies and practices and conduct described herein constitute each Defendant "knowingly failed to pay wages to an employee in accordance with … § 40.1-29.2 [the 2021 VOWA]" within the meaning of Va. Code § 40.1-29(J) and (K) (2021).

95.    Plaintiff seeks damages in the amount of unpaid overtime wages, an equal amount as liquidated damages, interest, all costs and attorneys' fees incurred in investigating and prosecuting this claim, as well as "an amount equal to triple the amount of wages due and reasonable attorney fees and costs" pursuant to Va. Code §§ 40.1-29.2(F) (2021) and 40.1-29(J) (2021), all other relief available under the VOWA, and all other such legal and equitable relief as the Court deems just and proper.

**FLSA Relief Requested**

Wherefore, Plaintiff on behalf of herself and all members of the FLSA Collective requests the following Relief against Defendants:

A.    An order conditionally certifying a group or groups of putative collective action members and approving a notice to be sent to all such members, notifying them of this representational lawsuit and their ability to file a written consent to join in this action without threat or fear of reprisal;

19

B.     Judgment that Plaintiff and all similarly situated employees were non-exempt employees entitled to protection under the FLSA;

C.     Judgment against Defendants for violations of the overtime wage provisions of the FLSA;

D.     Judgment that Defendants' violations as described above were willful;

E.     Money damages for all unpaid overtime wages;

F.     Liquidated damages in an amount equal to all unpaid overtime wages owed to Plaintiff and similarly situated employees;

G.     Pre-judgment and post-judgment interest;

H.     Reasonable attorneys' fees and costs including expert fees expended in the prosecution of this case and the investigation that preceded it;

I.     Leave to amend to bring additional claims and/or parties, including but not limited to additional claims for retaliation and/or unpaid overtime or minimum wages under the FLSA or other applicable law; and

J.     Any and all further relief permissible by law.


**Virginia Class Relief Requested**

Wherefore, Plaintiff on behalf of herself and all members of the Virginia Class requests the following Relief against Defendants:

A.     Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

B.     Designation of Plaintiff as representative of the Virginia Class and counsel of record as

class counsel;

C.      Unpaid overtime wages, liquidated and/or triple damages, injunctive relief, and attorney's fees and costs pursuant to Virginia law;

D.      Judgment that Plaintiff and all similarly situated employees were non-exempt employees entitled to protection under the VOWA;

E.      Judgment against Defendants for violations of the overtime wage requirements of the VOWA;

F.      Judgment that Defendants' violations as described above were willful;

G.      Judgment that Defendants "knowingly failed to pay wages to an employee in accordance with [the 2021 VOWA]" within the meaning of Va. Code § 40.1-29(J)&(K) (2021) as to Plaintiff and all similarly situated employees.

H.      Money damages for all unpaid overtime wages;

I.      Liquidated damages in an amount equal to all unpaid wages owed to Plaintiff and similarly situated employees, and/or triple damages to the full extent allowed by law;

J.      An amount equal to "triple the amount of wages due and reasonable attorney fees and costs" pursuant to VA Code §§ 40.1-29.2(F) and 40.1-29(J) (2021);

K.      Pre-judgment and post-judgment interest;

L.      Reasonable attorneys' fees and costs including expert fees expended in the prosecution of this case and the investigation that preceded it;

M.      Leave to amend to bring additional claims and/or parties, including but not limited to additional claims for retaliation and/or unpaid overtime or minimum wages under the VOWA or other applicable law; and

N.      Any and all further relief permissible by law.


**DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a jury trial for all

claims and issues so triable.



Respectfully submitted,

KIM WINROW,
individually and on behalf of all others similarly situated,
By Counsel

Dated:          April 29, 2024

/s/Zev Antell
Zev Antell (VSB No. 74634)
ButlerCurwood, PLC
140 Virginia Street, Suite 302
Richmond, VA 23219
804.648.4848
zev@butlercurwood.com

/s/Timothy Coffield
Timothy Coffield (VSB 83430)
COFFIELD PLC
106-F Melbourne Park Circle
Charlottesville, VA 22901
p: (434) 218-3133  f: (434) 321-1636
tc@coffieldlaw.com

Counsel for Plaintiff