CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED
August 01, 2025
Laura A. Austin, Clerk
BY: /s/ K. Lokey
     DEPUTY CLERK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

KIM WINROW, on behalf of herself and all others similarly situated,

                    Plaintiff,

v.                             Case No. 3:24-cv-00029-RSB-JCH

HILL VALLEY HEALTHCARE, LLC AND
FORK UNION SNF OPERATIONS LLC,

                    Defendant.

## ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT

This class action came before the Court for hearing on July 29, 2025, to determine the fairness of the proposed Settlement presented to the Court and the subject of this Court's Order Granting Preliminary Approval of Class Action Settlement. Due notice having been given and the Court having been fully advised, **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:**

Except as otherwise defined herein, all capitalized terms used in this Final Approval Order shall have the same meanings as ascribed to them in the Settlement Agreement:

1. The Court has jurisdiction over the subject matter of this Action and over all Parties, including all members of the Settlement Class.

2. Pursuant to Rules 23(a), (b)(1), and (b)(3) of the Federal Rules of Civil Procedure, and for the sole and exclusive purpose of settling and resolving this Action, the Court certifies a Settlement Class defined as:

    Employees of the Oakhurst Health & Rehabilitation ("Oakhurst") and/or Holly Manor Rehab & Nursing ("Holly Manor") facilities who worked overtime in any workweek during which they were paid any bonus(es) or shift differential(s) at any time from May 1, 2022 through April 10, 2025 (the "Relevant Period").

3. Pursuant to the Settlement Agreement, and for settlement purposes only, the Court finds that all of the requirements of Fed. R. Civ. P. 23 have been met.

4. The Court appoints Kim Winrow ("Winrow") as Settlement Class Representative and Coffield PLC and Butler Curwood PLC as Settlement Class Counsel.

5. The Court hereby finds that the Settlement Class has received proper and adequate notice of the Settlement, the Fairness Hearing, Class Counsel's request for Attorneys' Fees and Expenses, and for the Service Award to Named Plaintiff Winrow, such notice having been given in accordance with the Preliminary Approval Order. Such notice included individual notice to all members of the Settlement Class who could be identified through reasonable efforts, provided valid, due, and sufficient notice of these proceedings and of the matters set forth in this Order; and included sufficient information regarding the procedure for the making of objections. Such notice constitutes the best notice practicable under the circumstances and fully satisfies the requirements of Fed. R. Civ. P. 23 and the requirements of due process.

6. The Court hereby **APPROVES** the Settlement and orders that the Settlement shall be consummated and implemented in accordance with its terms and conditions and this Order granting final approval of class action settlement.

7. The Settlement Agreement is hereby **APPROVED** as fair, reasonable, and adequate. The Court finds that:

    a. The Settlement was negotiated vigorously and at arm's-length, under the auspices of a United States Magistrate Judge, by Defense

2

        Counsel on the one hand, and by Class Counsel, on behalf of the Settlement Class Representative and the Settlement Class, on the other hand;

b.    The Settlement Class Representative and Settlement Class Counsel have sufficient information to evaluate the settlement value of this Action and have concluded that the Settlement is fair, reasonable, and adequate;

c.    If the Settlement had not been achieved, the Settlement Class Representative and the Settlement Class faced the expense, risk, and uncertainty of summary judgment and trial;

d.    The Gross Settlement Amount — up to one hundred and ten thousand dollars ($110,000.00) — is fair, reasonable, and adequate, taking into account the costs, risks, and delay of litigation, trial, and appeal. The method of distributing the Settlement Amount is efficient, requiring no filing of claims for Settlement Class Members. The Settlement terms related to Attorneys' Fees and Expenses, as well as the Service Award to the Settlement Class Representative, do not raise any questions about the fairness of the Settlement, and there are no agreements, apart from the Settlement before the Court, required to be considered under Fed. R. Civ. P. 23(e)(2)(C)(iv); and

3

    e.    at all times, the Settlement Class Representative and Settlement Class Counsel have acted independently of the Defendants and in the interest of the Settlement Class.

8. Settlement Class Counsel's request for attorneys' fees and litigation costs totaling forty thousand dollars ($40,000.00), and the Service Award to the Settlement Class Representative of two thousand dollars ($2,000.00) to be paid from the Gross Settlement Amount is **APPROVED**.

9. The Parties agreed that ILYM Group, Inc. shall administer the distribution of the Gross Settlement Amount in the amount of four thousand four hundred and twenty-four dollars and ninety-two cents ($4,424.92) to be paid from the Gross Settlement Amount is approved.

10. The Court **APPROVES** the distribution to the Settlement Class in accordance with Exhibit A attached to this Order totaling Sixty-three thousand five hundred and thirty dollars and nineteen cents ($63,530.19).

11. The Court **APPROVES** returning to Defendants the remaining amount of forty-four dollars and eighty-nine cents ($44.89) after payment to the Settlement Class, the Settlement Class Representative service award, Attorneys' Fees and Expenses, and the administrative costs and expenses of ILYM Group, Inc.

12. The operative Complaint and all claims asserted therein in this Action are hereby dismissed with prejudice as to Settlement Class Members who negotiate their checks, and dismissed without prejudice as to the claims of any Settlement Class Members who do

not negotiate their settlement checks before they expire, and without attorneys' fees or costs to any of the Parties other than as provided for in the Settlement Agreement.

13. The Court shall retain exclusive jurisdiction to resolve any disputes or challenges that may arise as to the performance of the Settlement Agreement or any challenges as to the performance, validity, interpretation, administration, enforcement, or enforceability of the Settlement Notice, Final Approval Order, or the Settlement Agreement.

14. Any motion to enforce this Final Approval Order or the Settlement Agreement, including by way of injunction, may be filed in this Court, and the provisions of the Settlement Agreement and/or this Final Approval Order may also be asserted by way of an affirmative defense or counterclaim in response to any action that is asserted to violate the Settlement Agreement.

15. Upon entry of this Final Approval Order, the Parties, the Settlement Class, the Settlement Class Representative, and the Settlement Class Counsel shall be bound by the Settlement Agreement and this Final Approval Order.

16. The Motion for Final Approval of the Settlement and Settlement Agreement is hereby **GRANTED**, the settlement of the Action is **APPROVED** as fair, reasonable, and adequate to the Settlement Class, and the Parties are hereby directed to take the necessary steps to effectuate the terms of the Settlement Agreement.

17. The Court hereby **ENTERS JUDGMENT** on all claims, counts, and causes of action alleged in the Class Action. Notwithstanding the reservations of jurisdiction in Paragraphs 10-11 of this Final Approval Order, this is a final judgment that ends the litigation of this Action. The Clerk is directed to enter this judgment in the civil docket forthwith.

          Entered: August 1, 2025

          *Robert S. Ballou*

          Robert S. Ballou
          United States District Judge